# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINES, CDCR #V-44257,<br><br>  Plaintiff,<br><br>vs.<br><br>J.R. KLEIN, et al.,<br><br>  Defendants. | Civil No.  12cv1868 DMS (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>**(ECF Doc. No. 9)** |

## I. PROCEDURAL HISTORY

Enrique Martines ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. At the time he initiated this case, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

On October 4, 2012, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Oct. 4, 2012 Order (ECF Doc. No. 3). Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 5; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)

/ / /

("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

After requesting and receiving an extension of time (ECF Doc. No. 6), Plaintiff submitted his First Amended Complaint (ECF Doc. No. 7); but it too was dismissed for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) on July 1, 2013 (ECF Doc. No. 9). Plaintiff was again granted forty-five days leave to amend, but on July 24, 2013, he filed another Motion requesting an additional extension of time (ECF Doc. No. 11). Plaintiff requests a second extension based on his transfer from Centinela State Prison to RJD on July 10, 2013, and because his legal property was either lost or delayed during the transfer. *See* Pl.'s Mot. ¶¶ 1-2. Plaintiff claims he is a "layman in the field of law," has another inmate assisting him at RJD, and requests that the Clerk of Court "furnish [him] with a complete copy of all documents" already filed in this case. *Id.* ¶¶ 5-7.

## II. PLAINTIFF'S MOTION

While this is his second motion for an extension of time, Plaintiff is still incarcerated and proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request for an extension of time in which to amend. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). And while the Court is under no obligation to provide Plaintiff with free photocopies of his own pleadings, *see Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990) (per curiam) (noting prisoners have no constitutional right to free photocopies), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 350-55 (1996), the Court shall direct the Clerk to provide Plaintiff with a copy of his First Amended Complaint (ECF Doc. No. 7), the July 1, 2013

Order which outlines the deficiencies of that pleading (ECF Doc. No. 8), and shall further provide Plaintiff with a blank Court-approved form 42 U.S.C. § 1983 civil rights complaint for Plaintiff's use in amending.

### III. CONCLUSION AND ORDER

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion for Extension of Time (ECF Doc. No. 9). Plaintiff's Second Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, September 16, 2013.** Moreover, Plaintiff is cautioned that his Second Amended Complaint must address the deficiencies of pleading previously identified in both the Court's Oct. 4, 2012 and July 1, 2013 Orders (ECF Doc. Nos. 3, 8), and must be complete in itself without reference to his previous pleadings. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). All claims not re-alleged against any defendant not named will be waived. *See King v. Atiyeh*, 814 F.3d 565, 567 (9th Cir. 1987).

2) **IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff with a copy of his previously dismissed First Amended Complaint (ECF Doc. No. 7), a copy of the Court's July 1, 2013 Order (ECF Doc. No. 8), as well a blank Court-approved 42 U.S.C. § 1983 form civil rights complaint for Plaintiff's convenience. Plaintiff must identify his pleading as his "Second Amended Complaint" and include Civil Case No. 12cv1868 DMS (DHB) in its caption. Should Plaintiff elect *not* to file a Second Amended Complaint by September 16, 2013, however, this case shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) without further Order of the Court.

DATED: August 6, 2013

HON. DANA M. SABRAW
United States District Judge